UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES ALLEN MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1387 (RC) |
| | ) | |
| UNITED STATES SENTENCING | ) | |
| COMMISSION *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, commenced this action from the Federal Prison Camp in Millington, Tennessee. He sues the United States Sentencing Commission, United States Attorney General Eric Holder, United States Attorney for the Northern District of Mississippi Felicia Adams, and Assistant United States Attorney Scott Leary. Plaintiff seeks to hold the defendants liable for "the operation" of certain provisions of the U.S. sentencing guidelines that he claims "discriminate against Blacks and Career Offenders." Complaint for Violation of Civil Rights ("Compl."), ECF No. 1, at 5. He seeks $100,000 in monetary damages and declaratory relief. *Id*.

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted.[1] *See* Mot. to Dismiss, ECF No. 9. Plaintiff has opposed the motion,

---
[1] Plaintiff is proceeding *in forma pauperis* and, thus, relying on the court officers to "issue and serve all process, and perform all duties . . . ." 28 U.S.C. § 1915(d). When, in such proceedings, the propriety of service is challenged in a motion to dismiss, the court typically would give plaintiff the opportunity to provide additional information to cure any service deficiencies before

1

ECF No. 13, and has moved to transfer the case, ECF No. 12. Defendant has replied, ECF No. 14, and plaintiff was permitted to file a surreply, ECF No. 16. Since plaintiff's claim against Attorney General Holder fails and the remaining claims are foreclosed by certain immunities, the Court will grant defendants' motion to dismiss, deny plaintiff's motion to transfer, and dismiss this case.

## I. BACKGROUND

In March 2003, plaintiff pleaded guilty in the U.S. District Court for the Northern District of Mississippi to distribution of more than five grams of cocaine base ("crack cocaine") and being a felon in possession of a firearm. *See Morris v. Sentencing Comm'n*, No. 13-1150, 2013 WL 3930001 (D.D.C. July 29, 2013) (quoting *Morris v. Outlaw*, No. 2:09-cv-0025, 2009 WL 2762461, at *1 (E.D.Ark. Aug. 26, 2009)). Plaintiff was sentenced to concurrent prison terms of 230 months for the drug conviction and 120 months for the firearms conviction, followed by five years of supervised release. *Id*. "Since [plaintiff] was considered a career offender, [he] was subject to the career offender section 4B1.1(b) of the sentencing guidelines. As a result, [plaintiff's] criminal history category and offense level were determined by the career offender guideline and not the quantity of drugs attributable to him." *Morris v. United States*, No. 2:04CR74-WAP, 2007 WL 2916550, at *1 (N.D. Miss. Oct. 5, 2007).

Plaintiff has attempted unsuccessfully to reduce his sentence pursuant to 28 U.S.C. § 2255 (habeas) and 18 U.S.C. § 3582(c) (sentence modification). *See* Defs.' Mem. in Supp. of Mot. to Dismiss at 2-3 (setting out unrefuted litigation history). Undeterred, plaintiff has brought this action to challenge his inability, as a career offender, to benefit from the amendments to the federal sentencing guidelines that lowered the base offense levels for crack cocaine offenses. *See id*. at 5-6 (discussing amendments).

---

dismissing the case under either Rule 12(b)(4) or Rule 12(b)(5). The dismissal of this case on defendants' other asserted grounds renders this step unnecessary.

Plaintiff sets forth the following six statements in support of his claims:

> (1) The Sentencing Commission, et al, did use their seats to discriminate against Blacks and Career Offenders by promulgating policy statements to deny them (this plaintiff) the benifit[sic]/lenity of the crack amendments reductions.
> (2) The enactment of the 'operation of another guideline' policy statement transforms the career offender enhancement into a separate offense (bill of pains) instead of an enhancement to the predicate crack offense.
> (3) The 'operation of another guideline' authorizes a defacto [sic] resentencing which violates established sentencing laws and the 5th, 14th, 6th and 8th amendments.
> (4) The 'operation of another guideline' is substantive and can not [sic] be applied retroactive to plaintiff.
> (5) Eric Holder, et al, have conspired to use the 'operation of another guideline' to prevent plaintiff eligibility for a possible sentencing reduction. Defendants know the operation of another guideline is a violation of due process when it is used to defacto resentence in 18 USCS 3582 c 2 proceedings.
> (6) The defendants et al, are subjecting plaintiff to cruel and unusual punishment, discrimination, and vindictive prosecution by arguing that his crack sentence should be held to the 100 to 1 ratio because of the 'operation of another guideline' notwithstanding the majority of congress has acknowledged the arbitrariness and unfairness in the 100 to 1 ratio by changing that ratio to, first to a 2-points reduction and finally to the 18 to 1 ratio.

Compl. at 5-6.

## II. LEGAL STANDARDS

1. <u>Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). It is the plaintiff's burden to establish that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the Court's power to hear a claim, the Court must give the plaintiff's factual allegations closer scrutiny than would be required in

deciding a Rule 12(b)(6) motion for failure to state a claim. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the Court is not limited to the allegations contained in the complaint. *See Wilderness Soc'y v. Griles*, 824 F. 2d 4, 16 n.10 (D.C. Cir. 1987).

    2. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not

accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of facts litigated in a prior related case. *See Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49-50 (D.D.C. 2012).

### III. DISCUSSION

A. Claims for Money Damages

1. <u>Subject Matter Jurisdiction</u>

Sovereign immunity shields the federal government and its agencies from suit and is "jurisdictional in nature." *American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (other citations omitted). The government may waive immunity, but such a waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). To survive a motion to dismiss under Rule 12(b)(1), "[t]he plaintiff bears the burden of establishing both the court's statutory jurisdiction and the government's waiver of its sovereign immunity." *American Road & Transp. Builders Ass'n*, 865 F. Supp. 2d at 80 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003); *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006)).

Defendants argue that the Sentencing "Commission, like all federal agencies, enjoys the benefits of sovereign immunity." Defs.' Mem. of P. & A. at 23-24. But the Commission is not an agency. It is "an independent commission in the judicial branch of the United States." *Mistretta v. U.S.*, 488 U.S. 361, 368 (1989). As the Supreme Court has observed, "[t]he

Sentencing Commission unquestionably is a peculiar institution within the framework of our Government. Although placed by the [Sentencing Reform] Act [SRA] in the Judicial Branch, it is not a court and does not exercise judicial power." *Id.* at 384-85. The Commission's enacting statute, 28 U.S.C. §§ 991-98, requires it to comply with the Administrative Procedure Act's ("APA") rulemaking provisions applicable to agencies. *See* 28 U.S.C. § 994(x) ("The provisions . . . relating to publication in the Federal Register and public hearing procedure, shall apply to the promulgation of [sentencing] guidelines."). But the Court of Appeals has "held that by explicitly including the APA's notice and comment provisions in the SRA, Congress implicitly recognized that the rest of the APA would not apply to the Commission because it is a part of the judicial branch." *Washington Legal Foundation v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1450 (D.C. Cir. 1994) (citing *United States v. Lopez*, 938 F.2d 1293, 1297 (D.C. Cir. 1991)).

Regardless, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the sovereign's immunity as to certain enumerated claims for money damages, and as used in the FTCA, "the term 'Federal agency' includes . . . the judicial and legislative branches [and] independent establishments of the United States . . . ." 28 U.S.C. § 2671. It is reasonably safe to conclude that this broadly worded definition covers the Sentencing Commission. In FTCA cases, the United States is substituted as the proper defendant. The United States has not consented to be sued for damages based on constitutional violations. *Meyer*, 510 U.S. at 476-78. Nor has it consented to be sued for damages based on "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs," *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted), such as the duty of the Commission to "promulgate and distribute" federal sentencing guidelines. 28 U.S.C. § 994. Furthermore, the SRA does not contain a "sue-and-be sued clause," which might constitute a waiver of immunity by the Commission as an agency capable of being sued in its own name. *See Meyer*, 510 U.S. at 481 ("[A]gencies authorized to 'sue and be sued' are

[generally] presumed to have fully waived immunity.") (citation and internal quotation marks omitted). Hence, the claim against the Sentencing Commission for money damages is dismissed on sovereign immunity grounds.[2]

    2. <u>Failure to State a Claim</u>

The form complaint cites 42 U.S.C. § 1983 as the basis of jurisdiction but defendants argue correctly that this statute does not apply to federal defendants, Defs.' Mem. of P. & A. at 14-15, and plaintiff seems to agree. *See* Pl.'s Surreply at 1 ("Morris do[es] not seek relief under [section] 1983 . . . .") In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court recognized an analogous private cause of action against federal officials who "may be held personally liable . . . for unconstitutional conduct in which [they were] personally and directly involved." *Staples v. U.S.*, 948 F. Supp. 2d 1, 3 (D.D.C. 2013) (citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993)).[3]

<u>Attorney General Holder</u>

To state a claim under *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Consequently, high-level officials, such as Attorney General Holder, typically are not subject to *Bivens* liability since they do not routinely participate personally in decisions about a particular individual at a particular location. *See Iqbal* at 676-77 (respondeat superior and vicarious liability theories found inapplicable to *Bivens* claim); *see also Farmer v.*

---

[2] Regardless, even if an FTCA claim were appropriate under the circumstances, plaintiff has failed to show that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction").

[3] Plaintiff has not named any individual defendants at the Sentencing Commission.

7

*Moritsugu*, 163 F.3d 610, 615-16 (D.C. Cir. 1998) (explaining why the then-Medical Director could not be held personally liable for medical decisions made at a BOP facility).

Plaintiff's conclusory allegation that Holder engaged in some sort of conspiracy with the Sentencing Commission in the "operation" of the guidelines is not supported by facts alleged in the complaint. *See Gorbey v. United States*, 309 Fed.Appx. 425 (D.C. Cir. 2009) (per curiam) (affirming dismissal of complaint containing "only conclusory and unsubstantiated allegations of conspiratorial conduct"). In addition, plaintiff has not alleged, nor could he credibly do so, that Holder participated directly in the local proceedings in which he has sought to have the amended crack cocaine guidelines applied to him. Hence, the *Bivens* claim against Holder is dismissed.

The Mississippi Defendants

As for the remaining defendants in Mississippi, U.S. Attorney Adams and Assistant U.S. Attorney Leary, the Court agrees that they are shielded by absolute immunity. *See* Defs.' Mem. of P. & A. at 15-17. "[A]bsolute immunity[] is a complete bar to any lawsuit against a government official based on tasks the official performed that were within the scope of his duties." *Pate v. U.S.*, 277 F. Supp. 2d 1, 7 (D.D.C. 2003) (citing *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir. 1994)). Although initially applicable to judges, absolute immunity has been extended to "a wide range of persons playing a role in the judicial process, including prosecutors." *Id.* (citations and internal quotation marks omitted).

Not all acts performed by prosecutors are protected; rather, "[l]ike judicial immunity, absolute prosecutorial immunity turns on the function performed by the prosecutor. Absolute immunity is granted only for conduct 'intimately associated with the judicial phase of the criminal process.' " *Atherton v. District of Columbia*, 567 F.3d 672, 683 (D.C. Cir. 2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). In addressing an absolute immunity argument, "courts look to whether the particular activity in dispute was performed by a

8

prosecutor in his or her official capacity as an advocate for the state in the course of judicial proceedings." *Id*. (citing *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)).

Plaintiff's cryptic allegations are difficult to follow but it is reasonably safe to conclude that they stem from the U.S. Attorney's arguments made as the government's advocate in post-conviction proceedings. Such conduct falls squarely within the prosecutorial function. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993) ("[A]ppearing before a judge and presenting evidence in support of a motion for a search warrant involved the prosecutor's 'role as advocate for the State.' ") (quoting *Burns v. Reed*, 500 U.S. 478, 491 (1991)) (other citation omitted).[4] Hence, the *Bivens* claims against Adams and Leary are dismissed on absolute immunity grounds.[5]

B. Claim for Declaratory or Injunctive Relief

"It is a 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction.' Rather, 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right.' " *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (quoting *C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (other citations omitted). The APA waives the sovereign's immunity "to the extent that declaratory judgment or other equitable relief may be available" to a person harmed by agency action. *Ballard v. Holinka*, 601 F. Supp. 2d 110, 121 (D.D.C. 2009) (citing 5 U.S.C. § 702). But, as discussed above, the APA's remedial provisions do not apply to the Sentencing

---

[4] Moreover, assuming the United States Attorney did not personally direct the litigation involving plaintiff's case, she would still be entitled to absolute immunity in her supervisory role over such litigation. *See generally Van de Kamp v. Goldstein*, 555 U.S. 335 (2009).

[5] Since the absolute immunity defense disposes of the claims against the Mississippi defendants, the Court will not address their equally persuasive argument for dismissal based on lack of personal jurisdiction, *see* Defs.' Mem. of P. & A. at 11-14, and it notes the futility of transferring the "claims against U.S. Attorney Adam and AUSA Leary . . . ." Pl.'s Mot. to Transfer at 1.

9

Commission "because it is a part of the judicial branch." *Washington Legal Foundation*, 17 F.3d at 1450.

Regardless, plaintiff's claim for declaratory relief is foreclosed. First, "it is well-settled that a prisoner seeking relief from his . . . sentence may not bring such an action" when he seeks, such as here, immediate or speedier release from prison, because his sole federal remedy is a writ of habeas corpus.[6] *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding same). Second, plaintiff's declaratory relief claim also fails because the court that sentenced plaintiff and the United States Court of Appeals for the Fifth Circuit have both rejected plaintiff's premise in habeas and other collateral proceedings. In addressing plaintiff's claim that his offense level was erroneously increased because the pre-sentence investigation report ("PSI") "attributed to him a higher quantity of drugs than represented in the plea agreement," the sentencing court concluded:

> The simple and undeniable fact is that the drug quantity disputed by [plaintiff] had no effect on the calculation of either his criminal history category or his offense level. Rather, both [calculations] were established by the guidelines based on [plaintiff's] status as a career offender. Neither the drug quantity used in the plea agreement nor the quantity used in the PSI had an effect on the computation of [plaintiff's] permissible sentencing range.

*Morris*, 2007 WL 2916550, at *2. And, in dismissing one of plaintiff's appeals as frivolous, the Fifth Circuit found his "assertion that he was not sentenced as a career offender [] incorrect" and confirmed that "[t]he crack cocaine guidelines amendments do not apply to prisoners sentenced as career offenders." *United States v. Morris*, No. 13-60271 (5th Cir. Nov. 11, 2013) (per curiam) (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) (internal quotation

---

[6] This Court could not hear a habeas claim because it does not have personal jurisdiction over plaintiff's warden. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.") (citation omitted).

marks omitted).[7] The Court lacks subject matter jurisdiction to review the foregoing decisions, *see* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995), and otherwise finds that plaintiff has stated no claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is granted, and plaintiff's motion to transfer is denied. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: July 31, 2014

---

[7] The Fifth Circuit's conclusion is consistent with that of other circuit courts of appeal. *See United States v. Mateo*, 560 F.3d 152, 155 (3rd Cir. 2009) (joining "many of our sister circuits in [] holding" that Amendment 706 lowering the crack cocaine sentencing range " simply 'provides no benefit to career offenders' ") (quoting *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam)) (citing cases from the First, Eighth, and Eleventh circuits).